Hillsborough, }
March 1, 1932. }

IVORY C. EATON, *Adm'r v.* NATHANIEL PROCTOR, *& a.*

*Doyle & Doyle* and *Ivory C. Eaton*, for the plaintiff.

*Wyman, Starr, Booth & Wadleigh (Mr. Wyman* orally), for the defendant.

PEASLEE, C. J. The defendants' position is that there can be no compensation because there was no accident. Conceding that there was a sudden manifestation of disease, sufficient within the rule laid down in *Guay* v. *Company,* 83 N. H. 392, it is said that the conclusion there reached is erroneous, because the English authorities therein relied upon do not express the true state of the English law in two respects.

It is said first that the interpretation of the term accident in its popular sense, as stated in *Boody* v. *Company,* 77 N. H. 208, where the English authority, *Fenton* v. *Thorley,* [1903] A. C. 443, is relied upon, should not have been adopted because a later decision by an Irish court declares that the term has long since ceased to have such meaning. *Sherrin* v. *Clayton,* [1910] 2 Ir. 105. The answer is that in 1914, in a case where seven law lords delivered individual opinions reaching diverse conclusions, each of them declared in terms that accident was used in the ordinary popular sense. *Board of Trim Joint District School* v. *Kelly,* [1914] A. C. 667.

The other point is that certain illustrative situations, stated *arguendo* in the last cited case, go to support the conclusion that there must be an accidental cause, definite as to time and place. It may be added that some English cases in the lower courts sustain the same view. See 25 Harv. Law Rev. 342. But in 1927 the court of appeal had before it the situation which was not stated in the *Kelly* case, and which did not appear in the other cases just referred to. Causation was gradual, but manifestation of results during the employment was sudden and unexpected. The rule stated in the *Guay* case was there adopted in very specific terms, and recovery based upon it was ordered as matter of law. *McFarlane* v. *Hutton Brothers,* 96 L. J. K. B. 357 (1927).

The *Guay* case is in harmony with the latest English authorities. If it were not so, the question left undecided in that case, namely, whether our statute is not to be differentiated from the English act on one hand as well as from the Massachusetts act on the other, would require consideration.

The decedent was stricken with acute manifestations of heart disease during his work. According to the medical testimony the disease might have been caused by a strain, undergone either immediately or some considerable time before the seizure, or it might have

resulted without any such cause.   Upon the hypothesis that he underwent a considerable strain on the day of the seizure such strain was assigned as the cause.

The fatal defect in the proof is the lack of any evidence of strain. All the evidence tended definitely to prove that there was none on that day.   While there was evidence that he might have undergone a strain some days earlier, he would have had to disregard the custom of the shop in making use of available aid in order to do so.   There is no evidence that he did that, and the whole matter rests in conjecture.

The motion that the bill be dismissed for lack of proof should  have been granted.

*Bill dismissed.*

All concurred.