LORINE WALTER *v.* ERNEST HAGIANIS & a.

*Jacob M. Shulins* and *Richard C. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendants.

KENISON, J. The evidence in this case is confined to three witnesses, the plaintiff, the named defendant and the surgeon who examined and operated upon the plaintiff who testified by deposition. Most of the facts are not in dispute. No witness contradicted the testimony given by any other witness in this proceeding. The tray that the plaintiff was carrying on August twenty-eighth was loaded with dishes not merely from one table but from "all the tables in the dining room." The employer, knowing that trays were heavy for the waitresses, used to carry them to the kitchen but testified

that "most of the time we were rushed and everybody had a job to do and the waitresses would pick up the tray when it was loaded, and take it in the kitchen." On the twenty-eighth of August the plaintiff experienced sharp pains through her stomach as she carried the loaded tray of dishes up the four steps leading from the dining room to the kitchen. She then let the tray "down a little," managed to deliver the tray to the kitchen and immediately stopped working.

The defendants contend that the evidence does not justify a finding of any accidental injury arising out of and in the course of the employment as required by Laws 1947, c. 266, s. 2 III. This contention first involves a minute examination of the surgeon's testimony. On direct examination he testified, "I feel it is probable that strenuous lifting and prolonged activity and especially lifting would aggravate the condition she had." He further stated: "My opinion is that lifting, particularly coupled with walking or climbing steps would be the particular type of activity which would produce pain and that the pain which resulted from that activity would be quite likely as a result of the condition which was present." He concluded that this activity was a "probable aggravation." On redirect examination the witness stated that it was "quite possible" that the plaintiff would never have had to have the operation except for the aggravation. When asked for his opinion, based on his entire knowledge of the case, as to the "probability" that she would never have had to have the operation if there had been no aggravation, he answered, "I wouldn't be able to say."

The Trial Court had the power to decide whether this negative answer was a repudiation of his testimony on direct examination. If so regarded there would be no medical testimony in the case. On the other hand, the Court was free to consider the testimony as a whole as establishing a causal relationship between the plaintiff's activity and the harm that happened to her on August twenty-eighth. It is evident that the Trial Court took the latter course. While the finding of the Trial Court in workmen's compensation cases will be set aside if supported by no evidence (*McQueeney* v. *Company*, 95 N. H. 313), the finding "should stand unless so clearly erroneous that it could not reasonably be made." *Romano* v. *Company*, 95 N. H. 404, 405. While the medical testimony did not disclose a causal relationship between the plaintiff's activity and her consequent injury with absolute certainty, this was not fatal. "For it was within the power of the [fact finder] to decide whether in point of fact the testimony of the claimant's physician—notwith-

standing some shortage of agreement within itself—nevertheless established a causal relationship between the claimant's routine occupation and the harm that happened to her." *Carpenter* v. *Sibley &c. Co.*, 302 N. Y. 304; 4 NACCA Law Journal 78; 8 NACCA Law Journal 71, 72. The medical evidence was sufficient to establish that the employment probably aggravated the plaintiff's pre-existing defect and that an operation was necessary to correct it. *Murphy's Case*, 103 N. E. (2d) 267 (Mass. 1952). This evidence removed the case from the realm of speculation. *Eaton* v. *Proctor*, 85 N. H. 398, 399. It was enough that the accident produced the incapacity when and as it did, even though the same result might possibly have occurred at some later time had the employment never been undertaken. *Gallienne* v. *Company*, 88 N. H. 375, 381; *Guay* v. *Company*, 83 N. H. 392. If technically the pre-existing defect was not itself materially changed by the injury its disabling consequences were. The findings of the Trial Court that the lifting and carrying of heavy trays was a required part of the plaintiff's work which caused an accidental aggravation of a pre-existing disability on August twenty-eighth were supported by the medical evidence.

An accidental injury within the meaning of the workmen's compensation law does not have to be traumatic or dramatic. The aggravation of a pre-existing physical condition is compensable if occasioned by accidental injury. *Rivard* v. *McElwain Co.*, 95 N. H. 100; *O'Brien* v. *Manchester Yarn Mills*, 95 N. H. 118. It is not necessary that the accidental injury initiate a disabling condition and such an injury which aggravates or renders disabling a pre-existing condition is also compensable. *Bolduc* v. *Company*, 96 N. H. 235; *Moore* v. *Company*, 88 N. H. 134. This principle applies whether the pre-existing physical defect is one peculiar to male or female. *Zeady* v. *Company*, 96 N. H. 328. An accident may consist of an unexpected effect as well as an unexpected cause. *Moore* v. *Company*, 88 N. H. 134, 138. Sudden or acute manifestation of disease may be an accident, even though its causation is gradual. *Eaton* v. *Proctor*, 85 N. H. 398, 399; *Lybolt* v. *Company*, 85 N. H. 262; *Zwiercan* v. *Company*, 87 N. H. 196. *Masse* v. *Robinson Co.*, 301 N. Y. 34.

The defendants urge that the pain suffered by the plaintiff was not unexpected, but had been suffered in less intense form, for a period of at least a month; and that the pain which she suffered on August twenty-eighth was not a sudden unexpected manifestation, but the expectable recurrence of prior manifestations of increasing

severity. What this argument fails to take into account is that the pain on the day in question became so intolerable as to be disabling and to result in incapacity to work. This effect could properly be found to be such an unexpected and untoward result as to constitute an accidental injury.

*Exceptions overruled.*

All concurred.