Hillsborough,
No. 4996.

JULIA BLECATSIS

*v.*

MANCHESTER GAS COMPANY & a.

Argued December 5, 1961.
Decided December 27, 1961.

*Devine, Millimet & McDonough (Mr. Shane Devine* orally), for the plaintiff.

*Wyman, Bean & Tefft (Mr. Bean* orally), for the defendants.

BLANDIN, J. The single issue before us is whether the Court should have granted the defendants' motion to dismiss, and this depends upon the facts disclosed by the record.

It appears from the testimony that the decedent, who had previously enjoyed good health, became ill while at his work on Wednesday, December 4, and died on Saturday, the 7th. His job consisted of operating a hydra-hoe, which was a hydraulically-run machine for digging ditches, and he had been doing this work for about two weeks when he was taken ill. This machine moved jerkily and unsteadily, but without vibration, in the process of performing its function. His wife testified that while he was on this job, which had not been his regular task, he appeared tired and overworked. A fellow employee said that he "could see where he would get nervous in running that machine."

Shortly after he had eaten lunch on Wednesday, December 4, Mr. Blecatsis complained to his foreman: "Jim, I am sick. I think I have indigestion . . . I had pickles and bananas and such for dinner, and I don't think they agreed with me."

He then went home, arriving at about 2 P. M., and told his wife that he did not feel good and that he thought he had either "indigestion or a chest cold." She testified he was coughing in an unusual manner. He said to her that he had felt dizzy and faint on the job.

He remained home the rest of that day, but on Thursday he drove out for a short time in his car. On Friday he complained of severe chest pains, but on Saturday morning he went out to collect rents, returning about noon, at which time he appeared pale and sick. His wife suggested that he lie down and he did so. Shortly thereafter, he fell off the bed and immediately died.

The death certificate introduced in evidence by the plaintiff stated the cause of death to be "Coronary thrombosis. Sudden." No physician treated Mr. Blecatsis during his illness and no medical testimony was before the Court, except that contained in the death certificate.

In order to sustain her case, it was necessary for the plaintiff here to adduce evidence that her husband's illness and death arose "out of and in the course of [his] employment." RSA 281:2 III (supp); *Walter* v. *Hagianis*, 97 N. H. 314, 317. In short, it was incumbent upon her to establish a causal connection between his work and his sickness. *Zwiercan* v. *Company*, 87 N. H. 196, 197; *L'Esperance* v. *Sherburne*, 85 N. H. 103, 110. It is too well established to require extended citation that where a question such as presented here involves matters peculiarly within the knowledge of experts the testimony of an expert is indispensable. *April* v.

*Peront,* 88 N. H. 309, 311, 312. Without such evidence the party having the burden of proof must fail. *Id.* Common knowledge furnished no basis for the Court to make a diagnosis in the complicated and subtle field of heart disease that the decedent's coronary thrombosis arose out of and in the course of his work.

The case of *Klimas* v. *Trans Caribbean Airways, Inc.,* 10 N. Y. 2d 209, cited by the plaintiff, does not support her. There the court stated that "the record contained substantial medical testimony (including that of an impartial specialist) connecting decedent's heart attack to the emotional stress of his work . . . . " The record before us contains no such evidence.

Since there was no testimony in support of the vital issue upon which the plaintiff had the burden of proof, there must be

*Judgment for the defendants.*

All concurred.