150

Original,
No. 5489.
No. 5491.

NEW HAMPSHIRE MILK DEALERS' ASSOCIATION & a.

*v.*

NEW HAMPSHIRE MILK CONTROL BOARD.

Argued March 25, 1966.
Decided April 1, 1966.

*Booth, Wadleigh, Langdell, Starr & Peters* ( *Mr. Philip G. Peters* orally ), for plaintiff New Hampshire Milk Dealers' Association.

*Gordon M. Tiffany* ( by brief ) for plaintiff Granite State Dairymen's Association.

*Hardy, Hall, Grimes & Murphy* ( of Massachusetts ) ( *Mr. Reuben Hall* orally ), for plaintiff New England Milk Producers' Association.

*George S. Pappagianis,* Attorney General and *R. Peter Shapiro,* Assistant Attorney General ( *Mr. Shapiro* orally ), for defendant, in opposition to the motion.

*Robert F. McNeil* ( of Massachusetts ) for Cumberland Farms Northern, Inc. ( *Mr. McNeil* orally ), in opposition to the motion.

KENISON, C.J. RSA 541:18 provides that an appeal from a decision of the Milk Control Board does not suspend its order but also provides "that the supreme court may order a suspension of such order pending the determination of such appeal . . . whenever, in the opinion of the court, justice may require such suspension." Pursuant to this statutory authority this court may grant a suspension of the administrative agency's order ( *Cumberland Farms* v. *Pierce,* 104 N. H. 489, 503 ) or may grant a suspension subject to conditions ( *Chicopee Mfg. Co.* v. *Company,* 97 N. H. 553, 554; 2 Cooper, State Administrative Law 630 ( 1965 )), or may deny the request for suspension. *Cumberland Farms* v. *N. H. Milk Control Board,* 104 N. H. 364. See 3 Davis, Administrative Law Treatise, *s.* 23.19, *p.* 386 ( 1958 ).

The plaintiffs contend that unless the order of the administrative agency is suspended and stayed they will suffer irreparable damage and serious financial loss resulting from price wars which will place the entire milk industry "in a state of chaos." The defendant and those opposing the motion for suspension contend that these dire predictions are unfounded and that there is no occasion for this court to take affirmative action. It is evident that at the present time this court is unable to properly assess the merits or the deficiencies of the various contentions of the parties to this proceeding and that this can be done properly only when the transcript is available and the case is argued on its merits on the appeal. *Cumberland Farms* v. *N. H. Milk Control Board,* 104 N. H. 364, 367.

Our consideration of the briefs and oral arguments convinces us that we should steer a middle course which will be the least

damaging to the public and protect the rights of the litigants in this proceeding. *Tilton* v. *Railroad,* 99 N. H. 503. We conclude that the plaintiffs are not entitled to a blanket and indefinite stay and that the public will not be materially harmed if a stay is granted for a short duration under certain express conditions. 2 Cooper, State Administrative Law 630 ( 1965 ). We do not regard this as a quart by quart review of the decision and order of the Milk Control Board. The administrative process has a tendency to slump forward slowly and unregulated appeals therefrom aggravate the resulting delay. To minimize this factor, we grant a stay and suspension of the order of the Milk Control Board effective April 4, 1966, subject however to the express conditions hereafter mentioned.

( 1 ) The plaintiffs will be required to file their briefs in this court not later than May 10, 1966; ( 2 ) the plaintiffs will be required to submit oral argument at a hearing on the appeal at 10 A. M. on June 8, 1966; ( 3 ) the defendant will be required to file its brief not later than June 3, 1966; ( 4 ) if these conditions are not complied with, the court reserves jurisdiction to annul the suspension of the order.

> *Plaintiffs' motion for stay and suspension granted subject to the conditions stated in the opinion.*

LAMPRON, J., did not sit; the others concurred.