Cheshire,
No. 6008.

IVAN W. JACKSON

*v.*

EMILE J. LEGERE, INC. *& a.*

April 30, 1970.

*Olson, Reynolds & McMahon ( Mr. Arthur Olson, Jr.* orally ), for the plaintiff.

*Bell & Kennedy ( Mr. Ernest L. Bell, III* orally ), for the defendant.

GRIMES, J.   This is an appeal by the employer and its insurance carrier from an award of the Labor Commissioner to Ivan W. Jackson for workmen's compensation for a heart attack occurring on December 28, 1967. After trial, the court found that Jackson " suffered an accidental injury arising out of and in the course of his employment " and awarded compensation benefits. Defendant's exceptions were transferred by *Morris, J.*

Plaintiff, age 43, was employed by the defendant as a carpenter, a vocation at which he had worked for most of his working life. He did not work on December 20, 21 and 22 and over Christmas, a Monday. He felt that he had a cold. He worked on December 26 and 27 although he thought he still had a cold. He had experienced pains in his chest beginning December 25 or 26. When he came to work about 6:30 a.m. on December

28, he told his boss that he felt badly and might not make it through the day. He testified that at about 9:30, while standing on a sawhorse and using a hammer to install a header for a door frame, he "got these terrific pains like nothing I ever had before . . . through my chest and arms, and they just intensified to the point I just don't know what happened." He told his boss he thought he would have to go to the doctor and went to the Keene Clinic where he was seen by Dr. Gregory who made a diagnosis of a questionable coronary occlusion and told him to go to the hospital. The plaintiff, however, took his truck home first and was then driven to the hospital where he had a cardiac arrest in the corridor but was saved from death by artificial respiration applied by a nurse. He spent nineteen days in the hospital. Since there was no evidence of any "unusual strain," the defendant contends that the plaintiff's heart attack cannot be found to have been an "accidental injury . . . arising out of and in the course of the employment" (RSA 281:2 (III)) placing reliance on such cases as *Guay* v. *Brown Co.*, 83 N.H. 392, 142 A. 697; *Eaton* v. *Proctor*, 85 N.H. 398, 159 A. 297; and *Blecatsis* v. *Manchester Gas Co.*, 103 N.H. 542, 176 A.2d 711. However, the principles laid down in those cases do not bar recovery on the evidence in this case.

In *Guay* v. *Brown Co., supra*, the statute then in effect was construed to require that the injury be "by accident" although those words were omitted from the statute. The court held, however, that the statute provided for compensation when the results were so unexpected as to be considered accidental and that it included all nonoccupational disease cases "'although not preceded by traumatic causes provided it is clearly shown that the disease arose out of and in the course of the employment and was unusual, undesigned, unexpected and sudden' Brodin's Case, 124 Me. 162." *Id.* 395.

In *Eaton* v. *Proctor, supra*, the principles of the *Guay* case were confirmed but recovery for a heart attack while at work was denied because the evidence did not support the hypothesis that there had been a strain upon which the medical testimony as to cause was based.

In *Blecatsis* v. *Manchester Gas Co., supra*, recovery was denied, not because there was no evidence of unusual strain, but because there was no medical evidence upon which to base a finding that the heart attack "arose out of and in the course of his work."

None of these cases establishes the principle that as a matter of law there must be evidence of an "unusual strain" before compensation can be granted for a heart attack suffered while at work.

In *Walter* v. *Hagianis,* 97 N.H. 314, 87 A.2d 154, it was said that an accident may consist of an unexpected effect as well as an unexpected cause. "Sudden or acute manifestation of disease may be an accident, even though its causation is gradual." *Id.,* at 317. Thus pre-existing pain does not bar a finding of accidental injury when the pain on the day in question became so intolerable as to be disabling. *See also Kacavisti* v. *Sprague Electric Co.,* 102 N.H. 266, 155 A.2d 183.

It is not necessary, therefore, that there be evidence of "unusual strain" in order that a heart attack or other injury be found to have been accidental because this requirement of the statute need not be supplied by cause but may be fulfilled by effect. *Walter* v. *Hagianis, supra.* "Unusual strain" would be a requirement, not as a matter of law, but as a matter of fact, only if it were made so by the medical testimony. *See Eaton* v. *Proctor, supra.*

In the case before us, plaintiff's attending physician testified that in his opinion the heart attack ". . . was precipitated by the work he was doing." By this, he said, he meant it aggravated a pre-existing condition. He testified that in his opinion, based on reasonable medical certainty, plaintiff would not have had the attack if he had not been working. Although there was medical testimony to the contrary, the resolution of this conflict was for the trial court, and his finding was supported by the evidence. *Walter* v. *Hagianis, supra.* Plaintiff's doctor's opinion did not rest upon any finding of unusual strain, and the law requires none. The fact that the plaintiff had a pre-existing condition of arteriosclerosis and was showing signs of coronary insufficiency and impending heart attack which he would have had sometime, in any event, does not, in view of the findings made, foreclose an award of compensation. *Id.* at 317.

We also reject the defendant's contention that there was no competent medical evidence to support the court's findings. Plaintiff's physician, although a general practitioner and not a cardiologist, was nevertheless qualified to give his opinion (*Ricker* v. *Mathews,* 94 N.H. 313, 53 A.2d 196; *Pepin* v. *Beaulieu,* 102 N.H. 84, 151 A.2d 230 ) and the fact that his testimony did not establish a causal relationship between plaintiff's work and his heart attack with absolute certainty and contained some cause

for doubt does not as a matter of law remove it from the court's consideration. *Walter* v. *Hagianis, supra; Pepin* v. *Beaulieu, supra* at 88.

*Exceptions overruled.*

KENISON, C. J., concurred specially in an opinion which GRIFFITH, J., joined; the others concurred.

KENISON, C. J., *concurring specially*: The majority opinion scratches the top of the workmen's compensation iceberg in cardiac cases. The problem is more acute in cardiac cases because cardiovascular diseases account for more than 54% of deaths from all causes and more than 27 million are living with some form of cardiovascular illness. American Heart Association, Heart Facts 4-5 ( P.R.-33 ( 1970 ) ). The relationship of strain on the heart was considered by a committee under the chairmanship of Dr. Paul Dudley White which concluded that it found " . . . no method, either clinical or pathological, of determining the causative relationship between any given event and typical coronary thrombosis with infarct. " Report of the Committee on the Effect of Strain and Trauma on the Heart and Great Vessels, 26 Circulation 612, 617 ( 1962 ). As a practical matter this means that industry will pay for " . . . the cost of a substantial number of heart attacks whose connection with work is probably coincidental rather than causal. " Thornton, Heart Attacks and Workmen's Compensation-A General View, 1968 Proc. ABA Sect. of Insurance, Negligence, and Compensation Law 276, 284; Wilentz, Workmen's Compensation Problems: Causal Relationship in Cardiac Deaths, 14 J. of Forensic Sciences 302 ( 1969 ).

It is important that the employee receive protection from heart attacks in industry but it is equally important that in the process we do not unduly discourage the employability of known cardiacs. " The acceptance of a heart claim as industrial may assist one individual by the receipt of a medical and monetary award and, at the same time, erect a barrier to employment for many others with discernible heart conditions. " Bell, The Heart and Workmen's Compensation, 1968 Proc. ABA Sect. of Insurance, Negligence, and Compensation Law, 271, 274. As claims in cardiac cases by employees increase, the waiver of workmen's compensation ( RSA 281:12-a ) may be a more constant requirement

by the employer and the net gain becomes questionable. Note, Workmen's Compensation: Recovery for Heart Attack-Waiver Needed, 22 Okla. L. Rev. 345, 355 ( 1969 ). *See Aladits* v. *Simmons Co.,* 47 N.J. 115, 124-25, 219' A.2d 517, 522; Woods, The Heart Attack in Workmen's Compensation, 16 Ark. L. Rev. 214, 233 ( 1962 ).

The problem is difficult as it is important but it is one that deserves the continuing consideration and study of those interested in workmen's compensation and related benefits and warrants the brief outline statement included herein. Hellmuth and Hellmuth, Heart Attack and Workmen's Compensation: Model Rules of Practice, 4 The Forum 113 ( 1969 ); McNeice, Heart Disease and the Law 110-12 ( 1961 ); 1A Larson, Workmen's Compensation *s.* 38.83 ( 1966 ).

GRIFFITH, J., joined in concurring specially.