Original
No. 7049

NEW HAMPSHIRE INSURANCE COMPANY & a.

v.

ROBERT M. DUVALL, LABOR COMMISSIONER & a.

November 22, 1974

*Devine, Millimet, Stahl & Branch* and *Michael G. Gfroerer* and *E. Donald Dufresne* (*Mr. Dufresne* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney (*Mr. Ahlgren* orally), for the defendant commissioner.

*Craig & Wenners (Mr. Vincent A. Wenners, Jr.,* orally) for the intervenor, Manchester Firefighters Association Local 856.

DUNCAN, J. This proceeding in the nature of a petition for a writ of certiorari is also styled in the alternative as an appeal under RSA ch. 541. The plaintiff insurance companies seek an order temporarily suspending enforcement of an emergency regulation issued by the defendant labor commissioner under RSA 541-A:3 II (Supp. 1973). The regulation purported to implement the provisions of RSA 281:36-b (Supp. 1973) as affected by the "prima facie presumption" enacted by Laws 1973, 506:1 that "heart or lung disease in a firefighter . . . is occupationally related . . . ." RSA 281:2 V-a (Supp. 1973). Such suspension is sought pending a hearing in this court of questions in the process of transfer from the superior court in the plaintiffs' petition for declaratory judgment questioning the constitutionality of the emergency regulation. RSA 541-A:7 (Supp. 1973).

Suspension is opposed by the intervenor, Manchester Firefighters Association, upon the ground that an order of the Superior Court *(Mullavey,* J.) denying a suspension implies findings not open to attack on certiorari, and by the labor commissioner on the ground that certiorari will not be entertained where an adequate remedy by appeal or transfer on reserved case is available.

As before stated, the presumption enacted by the 1973 legislature is a prima facie presumption only. In this regard it differs from presumptions in force in some other jurisdictions which are not rebuttable, and which arise only where the employee has been in service for a specified period and has met other requirements not found in our statute. *See* 1A A. Larson, Workmen's Compensation Law § 41.70 (Rel. No. 14, 1973).

The emergency regulation, issued under date of September 27, 1974, to become effective immediately, provides that upon a showing by an employee firefighter "that a heart or lung disease exists and that it is disabling", insurance carriers "shall commence payment of compensation . . . no later than seven

days subsequent to the waiting period . . . ."; and that a request for extension of time "shall not be considered valid . . . in the absence of rebutting medical evidence" that the disease is not work related.

The essence of the plaintiffs' contentions in the pending declaratory judgment action is that the order of the commissioner denies them due process of law by requiring them to pay compensation without prior hearing or opportunity to contest or rebut the prima facie presumption that the claimant's disability is "occupationally related". While the petition for declaratory judgment indicates that the commissioner proposes to assess penalties under RSA 281:36-b (Supp. 1973) for failure to comply with the emergency order, that proceeding does not qualify as an appeal under RSA ch. 541 (RSA 541:2), and the issue now before us is presented by the plaintiffs' original petition filed in this court, rather than upon any exception transferred by the superior court to its order denying a suspension. We therefore consider that our jurisdiction arises under RSA 490:4 (Supp. 1973). *Cloutier v. State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942); *Hampton v. Marvin,* 105 N.H. 34, 193 A.2d 441 (1963).

Under the provisions of the Workmen's Compensation Law any employee affected by the 1974 amendment and the emergency order in question, if ultimately found to be entitled to compensation, will be entitled to such compensation from the date of the injury or illness with the possible exception of the first three days. RSA 281:20 and 2 V (Supp. 1973). On the other hand, if the plaintiffs are required without prior hearing and without prior "decision" by the commissioner (RSA 281:37 II (Supp. 1973)) to furnish compensation later determined not to be payable, they may find themselves without recourse to recover the payments so made. *See Hartford Accident & Indem. Co. v. Duvall,* 113 N.H. 28, 300 A.2d 732 (1973).

Adapting to this case the policy outlined in comparable circumstances in *New Hampshire Milk Dealers' Association v. N.H. Milk Control Board,* 107 N.H. 150, 151, 218 A.2d 363, 364 (1966), we adopt a course which will be least damaging to the rights of litigants and the public by suspending the

emergency order of the commissioner subject to the following conditions: (1) the parties will be required to submit oral arguments at the January 1975 session of this court, (unless the parties agree upon earlier submission) upon the questions being transferred in the pending petition for declaratory judgment, briefs of all parties to be furnished in advance of oral arguments; (2) the court reserves jurisdiction to annul suspension of the order for failure to comply with the foregoing condition.

> *Plaintiffs' motion for suspension of the order of the labor commissioner granted, subject to conditions stated in the opinion.*

All concurred.