Hillsborough
No. 7124

NEW HAMPSHIRE INSURANCE COMPANY & *a.*

v.

ROBERT M. DUVALL, COMMISSIONER OF LABOR

April 30, 1975

216

*Devine, Millimet, Stahl & Branch* and *E. Donald Dufresne* and *Michael G. Gfroerer (Mr. Dufresne* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the State.

*Craig, Wenners, Craig & McDowell (Mr. Vincent A. Wenners, Jr.* orally) for the intervenors Manchester Firefighters Association, & a.

GRIMES, J. The basic question presented by this transfer is whether the commissioner of labor may by regulation require, without a fair opportunity for a hearing, payment of workmen's compensation benefits ten days after a firefighter has shown he has a disabling heart or lung disease unless rebutting medical evidence demonstrates that it is not work related. Such regulation was adopted pursuant to RSA 281:2 V-a (Supp. 1973) which provides, in part, that "[t]here shall exist a prima facie presumption that heart or lung disease in a firefighter, whether he is a regular, call or volunteer or retired, . . . is occupationally related . . . ." Compare 1 A. Larson, The Law of Workmen's Compensation, § 41.70 (1973).

The regulation specifically requires compensation payments to begin ten days after a fireman has shown that he has a disabling heart or lung disease unless the insurance carrier offers rebutting medical evidence within that same period. Requests for extension of time "shall not be considered valid . . . in the absence of rebutting medical evidence." Upon receipt of such evidence at a later time,

relief from continued payments may be sought. Rebutting medical evidence means evidence that the "disease is not work related." *See* Administrative Regulation No. III-B-102, § 6, II (1) (a) effective pursuant to the emergency provisions of the Administrative Procedure Act RSA 541-A:3.

Plaintiff's petition sought a declaratory judgment and temporary injunction seeking to have the commissioner's interpretation of the statute declared invalid and in the alternative, the statute declared unconstitutional as depriving plaintiffs of property without due process. They also sought to restrain the commissioner from assessing penalties pending final determination of plaintiffs' rights. RSA 541-A:7; 491:7 (Supp. 1973); 498:1 (Supp. 1973); 498:2. The Trial Court *(Mullavey,* J.) denied the request for an injunction and transferred four questions without ruling. These issues reach this court following our interim order suspending the labor commissioner's regulation on the condition that the parties submit oral argument at the January 1975 session. *New Hampshire Ins. Co. v. Duvall,* 114 N.H. 719, 329 A.2d 139 (1974).

The questions presented are (1) whether RSA 281:2 V-a (Supp. 1973) requires payments as provided in the regulation, (2) whether the commissioner is otherwise authorized to adopt the regulation, (3) whether the statute as interpreted by the commissioner and/or the regulation is constitutional and (4) whether payments, if they are required, are recoverable if the claim is later found to be not compensable.

In response to question 1, it appears from the evidence that the ten-day interlude, which precedes the compensation payments, is insufficient time for the insurance carrier to obtain rebutting medical evidence. No matter how diligent a party may be, sound medico-legal evidence on heart-lung diseases is difficult to quickly assemble. *Jackson v. Emile J. Legere, Inc.,* 110 N.H. 252, 255-56, 265 A.2d 18, 20-21 (1970) (concurring opinion).

More importantly, however, the statutory presumption, RSA 281:2 V-a (Supp. 1973), does not require payment as provided by the regulation in question. The statute simply creates a prima facie presumption, not a conclusive one. As the legislative history shows, the bill originally called for a conclusive presumption but was amended to its present form. N.H.S. Jour. 2220 (June 21, 1973). A prima facie presumption is one which permits a finding in accordance with it, but does not require such a finding. *State v. Lapointe,* 81 N.H. 227, 123 A. 692 (1924); *McIntire v. Borofsky,* 95 N.H. 174, 176-77, 59 A.2d 471, 473-74 (1948); B. Jones, Evidence

§ 3.5 (S. Gard 6th ed. 1972); W.J. Curran & E.D. Shapiro, Law, Medicine and Forensic Science 487 (2d ed. 1970). There is no indication that the legislature used the term in any other sense or intended any other result. The statute, therefore, does not authorize an automatic requirement for payment but furnishes a basis for the commissioner to make a finding in each case. Thus we need not reach the constitutionality of the statute. *State v. Lapointe supra; State v. Millette,* 112 N.H. 458, 463, 465, 299 A.2d 150, 153, 154 (1972).

Since we further hold that the regulation itself denies due process, we need not consider transferred questions No. 2 and No. 4.

Question 3 asks finally if the statute and regulation are constitutional. We have already noted that our construction of the statute avoids the constitutional question, but the regulation is another matter.

The commissioner admits that such a short discovery time permitted under the regulation will in many cases result in insurance payments which are not justified and for which the carrier cannot be reimbursed. *See* W. Schneider, Workmen's Compensation Text § 2549 (perm. ed. 1960, Supp. 1973); Note, *Workmen's Compensation: Recovery of Payments Made Pursuant to a Subsequently Reversed Award,* 32 Maryland L. Rev. 427 (1973). In many of those cases, this would result in an irreparable loss. It is established that depriving one of property, without a prior hearing, is a violation of due process. U.S. CONST. amend. XIV; N.H. CONST. pt. I, arts. 14, 15; *Fuentes v. Shevin,* 407 U.S. 67 (1972); *Petition of Harvey,* 108 N.H. 196, 230 A.2d 757 (1967); *North Georgia Finishing Inc. v. Di-Chem., Inc.,* 419 U.S. 601 (1975). By providing insufficient time for the insurance carrier to obtain rebuttal evidence and by not allowing extension of time no matter how reasonable the request, the effect of the regulation is to deprive the carriers of their property without a prior hearing.

Defendants argue that under *Hartford Accident & Indemnity Co. v. Duvall,* 113 N.H. 28, 300 A.2d 732 (1973), this inability to recover payments does not violate due process. That case, however, held that requiring payments to be made during appeal did not violate due process, since there had been a hearing before payments were ordered. The regulation here is different. Payment is required before any hearing is held. Cases also relied upon by the intervenors which uphold the enforcement of administrative orders made prior to hearing are not controlling. *See Phillips v. Commissioner,* 283 U.S. 589 (1931); *Yakus v. United States,* 321 U.S. 414 (1944); *Rosenblum*

*v. Griffin,* 89 N.H. 314, 197 A.. 701 (1938). Unlike those cases, there has been no administrative determination after investigation, no emergency, no license revocation and no opportunity to be repaid. They are, consequently, inapposite.

While we recognize the importance of speedy payments to those disabled, the commissioner does not lack the ability to devise ways to prevent unreasonable delay in making payments to those entitled without offending the due process rights of employers and their insurance carriers. And since the claimant in this case will receive compensation from the date of injury or disease if, after a hearing, he is found entitled to it, he will lose nothing if the carrier is given a reasonable opportunity for such a hearing.

Accordingly, this case is

*Remanded.*

All concurred.

Request of Senate
No. 7181

OPINION OF THE JUSTICES

April 30, 1975

The following resolution was adopted by the senate on April 8, 1975, and filed with the supreme court on April 11, 1975:

"Whereas, There is pending in the Senate, House Bill No. 253, 'An Act providing a maximum finance charge on gasoline credit card accounts'; and

"Whereas, Doubt has been expressed as to the constitutionality of the provisions of said bill;

"Now, therefore, be it resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important question of law:

"1. Would any provision of the constitution of the United States or of this state be violated by the provision of the bill that restricts the maximum finance charge permitted and which is applicable only to credit cards issued by a manufacturer or distributor of gasoline and related products for the purchase of gasoline, related products and services?

"Further resolved that the clerk of the senate be instructed to transmit to the clerk of the Supreme Court six copies of this resolution and six copies of House Bill number 253."

The following answer was returned:

Stacey W. Cole, executive director of New Hampshire Petroleum Council, filed a memorandum of law for affirmative answer.