491 So.2d 1204 (1986)
CITY OF HIALEAH, Self-Insured, Appellant,
v.
Karl H. WEBER, the Club Pink Pussycat, and Lumbermen's Mutual Insurance Company, Appellees.
No. BK-146.
District Court of Appeal of Florida, First District.
July 17, 1986.
*1205 John F. McMath, Miami, for appellant.
Howard N. Pelzner and Peter S. Schwedock, of Pelzner, Schwedock, Finkelstein & Klausner, P.A., Miami, for appellee/claimant.
Jeffrey S. Breslow, of Adams, Kelly & Kronenberg, Miami, for appellees/Club Pink Pussycat and Lumbermen's Mut. Ins. Co.
SMITH, Judge.
The City of Hialeah (City) appeals an order finding the claimant suffered a compensable injury by accident while in the City's employ, and awarding temporary benefits and payment of Dr. Levitt's medical bill. We affirm the deputy's order finding that claimant's injury to his left knee was causally related to his industrial accident, as this finding is supported by competent, substantial evidence. Further, the finding that the City, rather than the Club Pink Pussycat (club), is the employer responsible for the payment of benefits is similarly supported by the evidence and the law. However, the deputy's order requiring payment of the bill of Dr. Levitt, an unauthorized physician, is not supported by the record, and this point is reversed and the cause remanded for testimony to determine if claimant's failure to obtain authorization should be excused.
The only issue meriting discussion is whether the deputy correctly found the City, rather than the club, liable for workers' compensation benefits. Claimant, an off-duty police officer, was employed two nights every other week as a security guard for the club. At the club, claimant wore his police uniform while performing his job, carried a gun, and sometimes used his patrol car and police car radio. Claimant testified that while at the club he was on call, and several times he had been called from the club to attend to other police matters. Under City regulations, whenever an officer is within the City confines, he must investigate a crime at any time of the day or night, even if it is his day off. Claimant testified that his job at the club  to provide security outside the building  differed from that of a "bouncer" in that his job did not entail asking the customers to leave. Instead, his function was to protect club employees in carrying out their responsibilities and to arrest any customer who became violent or broke the law. The claimant testified that the decision of whether to make an arrest was made solely by him pursuant to his authority as a police officer.
While working at the club one evening, the manager asked claimant to come inside and stand by while he asked two customers to leave the premises. These customers left the building, and claimant stepped back outside. The customers walked across the street to their car at a tire repair store, and within a few minutes began to slash car tires. Claimant and the manager ran across the street to confront these individuals and became involved in an altercation, during which the men backed their car into claimant, striking his left shin and entire right leg. He was thrown up over the hood of the car, landing on his right foot. Claimant called several other police officers to the scene and eventually arrested the two miscreants. Claimant then sought treatment for injuries to his right foot and left knee.
While circumstances might be envisioned in which an off-duty police officer would be considered to be the employee of the off-duty employer for purposes of workers' compensation coverage, the evidence in this case establishes unequivocally that claimant was performing his job as a police officer for the City at the time of his injuries. See Larson's, Workmen's Compensation Law, § 48.20, et seq.; and City of Manchester v. Huard, 113 N.H. 81, 301 A.2d 719 (1973).
*1206 In Huard, the claimant, a city policeman, worked off-duty at a private restaurant as a guard. When working at the restaurant, claimant wore his police uniform and equipment. The claimant's supervisor in his employment with the City checked on off-duty policemen, and the claimant was still subject to police procedure, regulations and discipline. While attempting to arrest a customer for public drunkeness, the claimant was attacked and beaten by six other individuals. It was held that the claimant was an employee of the City for compensation purposes because in making the arrest, the claimant was performing the duties of a regular officer in preserving the public peace. The facts that the cook of the restaurant instructed the claimant on the area he was to guard and that the restaurant paid the claimant were not controlling.
Similarly, in this case, claimant's injuries arose out of his actions in perfecting the arrest of persons committing acts of vandalism outside the restaurant. Accordingly, we find that the deputy correctly determined that the City is responsible for the payment of compensation benefits for the injuries to claimant's left knee.
AFFIRMED in part, and REVERSED in part, and REMANDED for proceedings consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.