523 So.2d 722 (1988)
MOUNT SINAI HOSPITAL and Gates McDonald Company, Appellants,
v.
CITY OF MIAMI BEACH, Old Republic Insurance Company, and Gary Lehman, Appellees.
No. 87-610.
District Court of Appeal of Florida, First District.
April 7, 1988.
*723 John F. McMath, Miami, for appellants.
Richard A. Sicking, of Kaplan, Sicking & Bloom, Miami, for appellee Gary Lehman.
Shirley A. Visnoski, and H. George Kagan, of Miller, Hodges, Kagan, & Chait, Deerfield Beach, for appellees City of Miami Beach and Old Republic Ins. Co.
BARFIELD, Judge.
Mount Sinai Hospital appeals a workers' compensation order finding it liable for injuries sustained by an off-duty City of Miami Beach policeman who fell while performing security guard duties at the Hospital. We affirm.
Gary Lehman worked a ten hour shift four days a week for the City police department. He also worked at the Hospital several times a month as an alternate security guard, filling in for the officer who regularly worked this permanent off-duty job. He was paid $14/hour by the Hospital, which deducted withholding and social security from his checks but did not provide pension or group insurance benefits. His supervisor, who worked out of a security trailer behind the Hospital, was not a City police officer, but an employee of the Hospital. Lehman's job duties included keeping family members or other people from restricted areas of the emergency room, and keeping the reserved spaces in the parking lot outside the emergency room free for ambulances.
Competent, substantial evidence supports the deputy commissioner's finding that Lehman was exiting the emergency room door to check on the parking lot when he slipped and his right knee gave way, and that he was in the course and scope of his employment with the Hospital at the time of the accident. We reject the contention of both the Hospital and the City, that because Lehman had injured his right knee in several previous accidents, and because the medical and accident reports failed to mention a "slip", the deputy commissioner was required to find that Lehman suffered an idiopathic fall unrelated to his employment. This was a factual determination to be made by the deputy commissioner, based upon the competence and credibility of all the evidence before him. Lehman's testimony, which the deputy commissioner accepted, indicates that his fall was not attributable solely to his pre-existing condition, but that he slipped as he exited the emergency room door while performing his security guard duties for the Hospital. This court will not reweigh the evidence and substitute its judgment for that of the deputy commissioner.
*724 The Hospital contends that even if the accident is found to be compensable, the evidence establishes that Lehman was under the direction and control of the City and was acting as a police officer at the time of his injury, so that the deputy commissioner erred in ruling that the Hospital was his employer. It relies upon City of Hialeah v. Weber, 491 So.2d 1204 (Fla. 1st DCA 1986), in which this court held that an off-duty police officer working as a security guard for a lounge, who was injured in the process of apprehending persons slashing car tires at a business across the street from the lounge, was an employee of the city police department at the time of his injury. The court indicated in that opinion that there might be circumstances in which an off-duty police officer would be considered the employee of the off-duty employer. Such a circumstance exists in this case.
Section 440.091, Florida Statutes (1985), provides that an injured law enforcement officer "shall be deemed to have been acting within the course of employment" at the time of the injury if he was discharging his "primary responsibility" (prevention or detection of crime or enforcement of law) and "[w]as not engaged in services for which he was paid by a private employer, and he and his public employer had no agreement providing for workers' compensation coverage for that private employment." The statute indicates a legislative intent that the public employer be responsible for injuries sustained by a police officer acting "in the line of duty," i.e., in fulfillment of his primary responsibility, so long as his actions do not also constitute a service for which he is paid by a private employer, unless the public employer had agreed to provide workers' compensation coverage for the private employment.
Weber presents one end of the spectrum of situations in which the applicability of this statute must be determined. In that case, the claimant was unequivocally performing a police function, responding to his duty as a police officer to investigate a crime in his presence, and was not performing a service for which he was hired by the private employer. Under those circumstances, section 440.091 provides that he should be deemed to have been acting within the course of his employment with the City of Hialeah at the time of his injury.
At the other end of the spectrum, in the case at issue Lehman was performing a service for which he was paid by the Hospital, checking the emergency room parking lot to see that the spaces reserved for ambulances were not being used by other vehicles, and testified that he was not performing a police function at the time he was injured. Under these circumstances, section 440.091 provides that he should not be deemed to have been acting within the course of his employment with the City of Miami Beach at the time of his injury.
Even if it could be said that Lehman was performing both a police function and a service for which he was paid by the private employer, no evidence was presented that the City had agreed to provide workers' compensation coverage for injuries sustained by off-duty officers performing services for private employers. The portion of the City's police department manual which was presented to the deputy commissioner speaks only to the reporting procedures for off-duty accidents, and Lehman testified that he was not aware of any agreement between the City and the Hospital specifically covering injuries while performing the off-duty job. No other evidence directly addressing the question was presented.
Under the evidence presented in this case, the deputy commissioner did not abuse his discretion in finding the Hospital, and not the City, to be the employer at the time of this accident. The order is AFFIRMED, the claimant's motion for appellate attorney fees is granted, and the case is REMANDED to the deputy commissioner for determination of the amount of the appellate attorney fee.
WENTWORTH and ZEHMER, JJ., concur.