Chief Brian Lock West Melbourne Police Department 2290 Minton Road West Melbourne, Florida 32904
Dear Chief Lock:
You ask the following question:
Is a police officer employed by the city who is working off-duty for a private employer covered by the city's workers' compensation insurance?
Initially I would note that resolution of your inquiry involves the application of various legal principles to particular factual circumstances present in any given situation, thus requiring resolution of mixed questions of law and fact that this office is not empowered to determine. This opinion is necessarily confined to a discussion of general principles of law and should not be construed as applicable to or determinative of any particular circumstance or employment.
Chapter 440, Florida Statutes, is the Workers' Compensation Law.[1]
Section 440.09(1), Florida Statutes, provides that the employer must pay compensation or furnish benefits required by Chapter 440 "if the employee suffers an accidental compensable injury or death arising out of work performed in the course and the scope of employment."[2] The basis of the statutory scheme of the Workers' Compensation Law is the relationship of employer-employee at the time the employee sustains an injury. An injured employee is entitled to compensation under the statute only if he or she was an employee of the employer at the time of the injury and the accidental compensable injury or death arose out of work performed in the course and the scope of employment.
Section 440.091, Florida Statutes, addresses when a law enforcement officer is acting within the scope of his or her employment. Subsection (1) of the statute provides:
"(1) If an employee: (a) Is elected, appointed, or employed full time by a municipality, the state, or any political subdivision and is vested with authority to bear arms and make arrests and the employee's primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state; (b) Was discharging that primary responsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility; and (c) Was not engaged in services for which he or she was paid by a private employer, and the employee and his or her public employer had no agreement providing for workers' compensation coverage for that private employment; the employee is considered to have been acting within the course of employment. The term "employee" as used in this subsection includes all certified supervisory and command personnel whose duties include, in whole or in part, responsibilities for the supervision, training, guidance, and management of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency."[3]
Thus, an injured law enforcement officer is deemed to have been acting within the course of employment at the time of the injury if the officer was discharging his or her "primary responsibility" (prevention or detection of crime or enforcement of law) and was not engaged in services for which the officer was paid by a private employer, and the officer and the public employer had no agreement providing for workers' compensation coverage for that private employment.
In City of Hialeah v. Weber,[4] the First District Court of Appeal held that an off-duty police officer who was working as a security guard for a lounge and was injured in the process of apprehending persons slashing car tires at a business across the street from the lounge was an employee of the city police department at the time of his injury. The court indicated in that opinion that there might be circumstances in which an off-duty police officer would be considered the employee of the off-duty employer.
Subsequently in Mount Sinai Hospital v. City of Miami Beach,[5] the court held that a police officer working off-duty for a hospital as a security guard who was injured when he slipped while checking the hospital parking lot was not covered by the city's workers' compensation plan, but rather was an employee of the hospital. The court found that the off-duty officer was performing a service for which he was paid by the hospital and was not performing a police function at the time he was injured. Under these circumstances the court concluded that section440.091, Florida Statutes, provides that the officer should not be deemed to have been acting within the course of his employment with the City of Miami Beach at the time of his injury. The court went on to state that "[e]ven if it could be said that Lehman was performing both a police function and a service for which he was paid by the private employer, no evidence was presented that the City had agreed to provide workers' compensation coverage for injuries sustained by off-duty officers performing services for private employers."[6] The court found that the statute indicates a legislative intent that the public employer be responsible for injuries sustained by a police officer acting "in the line of duty," i.e., in fulfillment of his or her primary responsibility, so long as the officer's actions do not also constitute a service for which he or she is paid by a private employer, unless the public employer had agreed to provide workers' compensation coverage for the private employment.
Accordingly, I am of the opinion that the provisions of section 440.091, Florida Statutes, govern whether a police officer working off-duty is covered by the city workers' compensation plan. Thus, the city would be responsible for injuries sustained by a police officer acting "in the line of duty," i.e., in fulfillment of his or her primary responsibility, so long as the officer's actions do not also constitute a service for which he is paid by a private employer, unless the public employer had agreed to provide workers' compensation coverage for the private employment. The determination of responsibility in any given instance, however, will depend upon the particular facts.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Section 440.01, Fla. Stat., providing the short title for the chapter.
[2] See s. 440.02(36) defining "Arising out of" as pertaining to occupational causation: "An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death."
[3] Cf. Klyse v. City of Largo, 765 So.2d 270 (Fla. 1st DCA 2000),review denied, 789 So.2d 344 (Fla. 2001), in which the court held that s. 440.091, Fla. Stat., applies to off-duty law enforcement officers, not on-duty officers.
[4] 491 So.2d 1204 (Fla. 1st DCA 1986).
[5] 523 So.2d 722 (Fla. 1st DCA 1988).
[6] Id. at 724.