Hillsborough,
No. 4357.

KARL E. DOWD & a., *Adm'rs v.* EARLE B. MOORE & a.

SAME *v.* LEGER DESLAURIERS & a.

Argued November 3, 1954.

Decided December 15, 1954.

*Karl E. Dowd* and *John D. Warren* (*Mr. Warren* orally), as administrators, *pro se.*

*Paul E. Nourie* for the defendant Moore, furnished no brief.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant Deslauriers.

*Sullivan & Gregg* and *Joseph M. Kerrigan* (*Mr. Kerrigan* orally), for the defendants Textron, Inc. and American Mutual Liability Insurance Company.

*Frederic J. Grady* and *John B. Ford* (*Mr. Ford* orally), for the defendant guardian.

*Clancy & O'Neill* for the defendant Eva Farland.

DUNCAN, J. The questions transferred without ruling are controlled by the decision in *Gagne* v. *Greenhouses*, 99 N. H. 292, argued and considered with this case and decided this day. The lien provided by Laws 1947, *c.* 266, *s.* 12, as amended by Laws 1949, *c.* 160, in favor of an employer does not attach to the proceeds of recovery or settlement of an action by the administrator of the employee against third persons to recover damages arising out of the employee's death. Settlement of such an action does not require the approval of either the Court or the Commissioner of Labor as provided by the same section.

It follows that the employer in this case has no lien upon the proceeds of the settlements of the law actions, or upon any share of Robert E. Farland in the balance thereof available for distribution under R. L., *c.* 355, *s.* 14. Neither the Court nor the Commissioner has jurisdiction to approve the settlements or to order any part of the proceeds thereof paid to the defendant Textron, Inc. or its insurer. The proceeds are to be distributed in accordance with R. L., *c.* 355, *s.* 14, after payment of the expenses requiring approval by the probate court, including such counsel fees as are properly "expenses of recovery."

Since section 12 of the Workmen's Compensation Law is inapplicable, questions raised by certain of the parties with respect to constitutionality of the section require no consideration. This is likewise true of the issues presented by the exceptions of the employer and its insurer to the rulings of the Trial Court.

*Remanded.*

All concurred.