March 11, 1955. } No. 4398.

## Opinion of the Justices.

The following resolution adopted by the Governor and Council assembled in executive session February 15, 1955, was filed in this court February 17, 1955:

"*Whereas,* a petition has been filed with the Governor and Council by Herbert F. Gray, a state employee, alleging that on September 10, 1936 the said Herbert F. Gray sustained an accidental injury arising out of and in the course of his employment; and

"*Whereas,* it further appears that as a result of said injury said employee has suffered a recent attack requiring hospitalization and medical attention; and

"*Whereas,* under the provisions of Revised Laws, chapter 216, section 4, as amended by Laws of 1947, chapter 266 and Laws of 1953, chapter 68, the Governor and Council are currently considering said petition and are uncertain as to the extent to which certain other provisions of Revised Laws, chapter 216, apply to awards to state employees.

"*Resolved,* by the Governor and Council that the opinion of the Justices of the Supreme Court be respectfully requested upon the following important question of law:

"Do the Governor and Council have authority to award weekly compensation payments or to furnish hospital and medical care to a state employee who in 1936 sustained an accidental injury arising out of and in the course of his employment in view of the fact that more than three hundred weeks have elapsed since the date of said accident."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court make the following answer to the inquiry contained in your resolution filed February 17, 1955.

From 1911, when a workmen's compensation act was first adopted in this state (Laws 1911, *c.* 163) until 1929, no benefits of the act were available to state employees. By Laws 1929, *c.* 140, limited benefits were first provided by means of an award which might be made by the Governor and Council. These benefits were broadened by Laws 1933, *c.* 44, amending the 1929 statute. This 1933 provision, which was in effect at the time of the accidental injury sustained by Herbert F. Gray on September 10, 1936, reads as follows: "The Governor and Council, upon petition and hearing, may award compensation for damages to employees of the state receiving personal injuries by accident arising out of and in the course of their employment, to an amount not exceeding that provided for payment of injuries under Chapter 178 of the Public Laws and any amendments thereto, entitled 'Employers' Liability and Workmen's Compensation.'"

It seems clear to us that this statute was intended to make available to state employees the benefits of the act which were afforded to those working for employers other than the state who had accepted the provisions of the act. The authority of the Governor and Council to award compensation was limited to the amount which the act would have required of a private employer subject to the act.

As against such an employer, the amount to which an employee sustaining an accidental injury on September 10, 1936, would have been entitled was limited "by the provisions of the law in force at the time of the accident." *Cote* v. *Company*, 85 N. H. 444, 446; *Rivard* v. *Company*, 95 N. H. 100, 103.

The law then in force as to payments of compensation (P. L., *c.* 178, *s.* 24) provided that such payments should not exceed fifteen dollars per week or "extend over more than three hundred weeks from the date of the accident." In any case the maximum amount was thus $4,500. Laws 1931, *c.* 131. Under this statute, payments of weekly compensation by the employer would be required only in those of the three hundred weeks immediately following Septem-

ber 10, 1936, in which the employee was totally or partially incapacitated as a result of the accident. The "amount" which the Governor and Council is authorized to award to a state employee is similarly limited. It cannot include compensation for disability occurring more than three hundred weeks from the date of the accident.

An employee's right to receive reasonable medical and hospital services or other remedial care was limited in 1936 to those needed during "the first thirty days after an injury." P. L., c. 178, s. 13, as amended by Laws 1933, c. 40, s. 1. The act then contained no such provision for extension of this period as was added by Laws 1947, c. 266, s. 19. "Without such a provision a workman whose need for medical care first arose after [thirty days] from injury would be deprived of benefits accorded to others who required immediate treatment." *Carbonneau* v. *Company,* 97 N. H. 438, 441. The Governor and Council is without authority to award any amount for such services or care required after the thirty-day period following the injury.

The numerous amendments broadening the act and enlarging the benefits of it which have been enacted since 1936 contain no indication that any of their provisions should have a retroactive effect. These statutes are therefore "presumptively intended to operate upon future situations as they may arise" (*Murphy* v. *Railroad,* 77 N. H. 573, 574) and are not applicable in connection with accidents occurring before their adoption.

If relief is to be given to this injured state employee, or others similarly situated, it must be accomplished by appropriate legislative action directed to that end.

Your inquiry is answered in the negative.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

March 11, 1955.