Rockingham,
No. 4490.

MARIE B. LAMONTAGNE *v.* JOSEPH LAMONTAGNE.

Argued May 1, 1956.

Decided May 31, 1956.

*John B. Ford* (by brief and orally), for the plaintiff.

*Upton, Sanders & Upton* and *John J. Zimmerman* (*Mr. Zimmerman* orally), for the defendant.

BLANDIN, J.   The only question before us is whether the Trial Court erred in denying the defendant's motion to set aside the verdict.   We cannot find that he did unless his decision was one which no reasonable person would make.   *Roy* v. *Levy*, 97 N. H. 36, 40. The determination of this issue requires an examination of the facts and from the record it appears the jury could find the following. The plaintiff was sixty-eight years old when she was injured, and was running a chicken farm with her husband without, so far as appears, outside help.   They made a profit of some $2,600 yearly which they divided equally.   She was an active woman, able to work "everyday" and was a "hard worker."   There is no evidence that she had any ailments or suffered any disabilities before the accident. Immediately after it happened, she was taken to the hospital for treatment and after her discharge she continued to see a doctor weekly for seven or eight weeks.   She had to lie down most of the time for the first two weeks and due to her disability, she had to hire a helper who received $120, $60 of which she paid.   Since the accident, "She couldn't do a thing" and "she aint been the same woman at all . . . everything tires her."   She has "become very nervous and partly lost [her] memory."   For two years following her injury and up to the time of the trial, she suffered pain in her back and side and had to buy some medicine.   Because she was unable to work, the chicken farm had to be sold and she and her husband went to California but returned to New Hampshire after some months.   Since coming back she has been treated by a chiropractor on four occasions.   Her expenses amounted in all to approximately $150.

The defendant raised no question at the trial as to the sufficiency of the evidence to establish causal connection between the accident and the plaintiff's subsequent complaints, and it follows this issue is not now open to him.   *Perreault* v. *Lyons*, 98 N. H. 317, and cases cited.   On the issue of damages the jury saw the plaintiff and heard the testimony and we think it plain they were warranted in all the circumstances, including the absence of evidence of any

other cause, in finding that the accident transformed her from an active, healthy, hardworking woman, gainfully employed, into a victim of enforced idleness suffering disability and pain for a period of two years. *Richards* v. *Rizzi*, 99 N. H. 327, 328. In this situation the jury might have reasonably believed that $1,600 of today's shrinking dollars were not too much to award her in addition to her out-of-pocket expense. Fair compensation means compensation in value under existing economic conditions, for the value of money lies in what it will buy. Note, 12 A. L. R. (2d) 611, 621. The jury were entitled to consider this in fixing their verdict. In all the circumstances we cannot say that the Court acted beyond the bounds of reason in denying the defendant's motion. *Davis* v. *Company*, 100 N. H. 12, 16. The exception is overruled and the order is

*Judgment on the verdict.*

All concurred.