Hillsborough,
No. 5340.

### EDWARD D. HAGERTY

*v.*

### GREAT AMERICAN INDEMNITY COMPANY.

Argued June 1, 1965.
Decided October 5, 1965.

*Devine, Millimet, McDonough, Stahl & Branch, Matthias J. Reynolds* and *Ernest D. Dufresne* (*Mr. Dufresne* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Charles Solms III* (*Mr. Solms* orally), for the defendant.

LAMPRON, J. The plaintiff is an orthopedic surgeon practicing in Manchester. The injured employee was a resident of Massachusetts and the employer a Massachusetts corporation with its principal place of business in that state. The employee was sent to Manchester to install an oil tank and in the process he was buried by a cave-in of earth. After being extricated he was taken to Sacred Heart Hospital in Manchester and treated by the plaintiff during his confinement of almost six months and thereafter. The employee applied for and received compensation from the defendant under the workmen's compensation statute of Massachusetts. Mass. Gen. Laws Annot. *c.* 152.

The plaintiff has received no payment for his services. He submitted to the defendant his bill for services through December 12, 1957, in the amount of $1,976.50. On July 10, 1958, an agent of the defendant wrote to the doctor that it was willing to pay him $1,481.50 for these services, this adjusted allowance being "in accordance with the customary industrial rates." It is also alleged that this same agent represented to the plaintiff at a hearing held by the Labor Commissioner of this state that the defendant would pay his bill. The bill remaining unpaid, plaintiff instituted the present action.

Workmen's compensation acts have been described as a "mechanism for providing cash-wage benefits and medical care

to victims of work-connected injuries." 1 Larson, Workmen's Compensation, *s.* 1.00. *Carbonneau* v. *Company*, 97 N. H. 438, 441; *Bolduc* v. *Company*, 97 N. H. 360, 365. These statutes create rights, remedies and procedures all their own. 99 C.J.S., Workmen's Compensation, *s.* 6, *p.* 50. The rights thereunder rest upon the statutes alone which both create and measure them. *Wilkinson* v. *Achber*, 101 N. H. 7, 9; 58 Am. Jur., Workmen's Compensation, *s.* 3, *p.* 577.

Under its policy the defendant undertook to "be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law." This circumscribed its obligations under its policy to the rights and procedures granted to claimants under the compensation statutes of Massachusetts and of New Hampshire by virtue of its endorsement. *Migliaccio* v. *United Wire & Supply Corp.* 67 R. I. 352. These statutes provide that the employer (RSA 281:21) or its insurer (Mass. Gen. Laws Annot. *c.* 152, *s.* 30) is to furnish to an injured employee the required medical and hospital services. The payment of such services is part of the compensation awarded to the employee. *Carbonneau* v. *Company*, 97 N. H. 438, 441; *Bruso's Case*, 295 Mass. 531; *Lanoue* v. *Century Indemnity Company*, 30 So. 2d 207, 210 (La. App. 1947); *Boyer* v. *Service Distributors, Inc.*, 366 Mich 319; *Grantham* v. *Coleman Co.*, 190 Kan. 468; 99 C. J. S., Workmen's Compensation, *ss.* 275, 278-279, *pp.* 938, 943-945. Neither of these laws contemplates or provides a direct action by a physician against an employer or its insurer. It follows that the plaintiff cannot maintain an action for his services against the defendant under its contract as a workmen's compensation insurer. *Wilkinson* v. *Achber*, *supra*; 58 Am. Jur., Workmen's Compensation, *supra*.

However we find nothing in either of those compensation acts which precludes a direct action by a physician against a compensation insurance carrier based on its expressed or implied promise to pay for services rendered to an employee who has sustained a compensable injury. Nor do they preclude such an action based on a quasi-contractual obligation resulting from a course of dealing between the doctor and the insurer. *Migliaccio* v. *United Wire & Supply Corp.*, *supra*; *Rabinowitz* v. *Massachusetts Bonding & Insurance Co.*, 119 N. J. L. 552; *Lewis* v. *Karl A. Lefren, Inc.*, 256 N. Y. S. 199 (Sup. Ct.); 99 C. J. S., Workmen's Compensation, *s.* 279, *pp.* 945, 946. See Annot. 143 A. L. R. 1264, 1267-1269.

The answer to the transferred question is "yes" the plaintiff may maintain an action in New Hampshire directly against the Great American Indemnity Company on an alleged expressed or quasi-contract to pay for his services. We are not concerned on this transfer with matters of evidence or proof of such a claim.

*Remanded.*

BLANDIN, J., did not sit; the others concurred.