Hillsborough
No. 6399

HARTFORD ACCIDENT & INDEMNITY CO.
AND
AMERICAN MUTUAL LIABILITY INSURANCE CO.

v.

ROBERT M. DUVALL, LABOR COMMISSIONER

January 31, 1973

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Eugene M. Van Loan III* (*Mr. Charles J. Dunn* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Richard F. Therrien,* attorney (*Mr. Therrien* orally), for the defendant.

Duncan, J. By this petition for declaratory judgment, two carriers of workmen's compensation insurance seek a determination that RSA 281:37 II (Supp. 1972) which was inserted in the Workmen's Compensation Law by Laws 1971, 539:8, is unconstitutional as applied by the labor commissioner to claims for compensation arising both before and after the effective date of the amendment. In particular it is alleged that imposition of the statutory penalty upon an employer for failure to pay compensation as awarded by the commissioner, pending an appeal of the decision to the superior court, violates articles 14, 23, and 37 of part I of the New Hampshire constitution and the fourteenth amendment to the Constitution of the United States. The issues presented by the parties' agreed statement of facts were reserved and transferred without ruling by *Flynn,* J.

The subsection which gives rise to the action is as follows: "II. A decision of the labor commissioner shall take effect upon date of notification and become final, in the absence of an appeal therefrom, thirty days thereafter. Payment of weekly compensation shall begin and/or continue as soon as possible after the decision's effective date, but no later than five work days thereafter, and shall not be terminated, except in accordance with the terms of the commissioner's decision or by final court determination. Upon failure of an employer, or his insurance carrier, so to comply with his decision, the commissioner shall assess a penalty not to exceed twenty-five dollars for each day of non-compliance, beginning on the date of notification of assessment. Upon continued failure to comply with an order to make payment of compensation and/or penalty, the commissioner shall petition the superior court for an injunction to comply. All penalties collected under this section shall be deposited by the commissioner with the state treasurer." RSA 281:37 II (Supp. 1972).

The plaintiffs contend that the legislature did not intend the amendment to apply to claims which arose prior to its enactment, but that if it did so intend, the statute violates article 23 of part I of the New Hampshire constitution because retrospective. They further contend that if not retrospective, the statute violates their constitutional rights because it makes no provision for recoupment by the employer in the event that the appeal is successful; and finally that if a right of recoupment is implied, the right would be unenforceable and hence ineffective, all in violation of the right to a legal remedy guaranteed by article 14, the right to equal protection of the law and the right not to be deprived of property without due process of law, guaranteed by article 15, part I of the New Hampshire constitution, and the fourteenth amendment.

The latter contention is based upon the assertion that a hearing before the commissioner does not afford employers a right of cross-examination, but is "summary, informal, and not limited by any rules of evidence". See RSA 281:41 (Supp. 1972).

We hold the statutory provisions to be constitutional. First, we hold that RSA 281:37 II (Supp. 1972) does not violate article 23, part I of the New Hampshire constitution. Its application by the commissioner has been wholly prospective, since it has been applied only to appeals taken after the effective date of the amendment. The provision requires that payment of compensation awarded following notice and hearing, shall commence no later than five days after notice of the commissioner's decision. The fact that such compensation may be for injuries suffered prior to passage of the amendment has no relevance to the determination of retroactivity. The requirement of payment and the duty to make it does not come into being until after the commissioner has found the employee entitled thereto. No penalty is assessed unless and until the employer fails to pay in accordance with the decision, whether an appeal is taken or not. In this no retrospection is involved. Cf. Hirsch v. Company, 97 N.H. 480, 486, 92 A.2d 402, 405-06 (1952); Opinion of the Justices, 99 N.H. 509, 112 A.2d 48 (1955). Moreover since the requirement

of the statute affects the remedy only, it will not conflict with article 23, part I of the constitution provided it is not oppressive or unjust. *Pepin v. Beaulieu,* 102 N.H. 84, 89-90, 151 A.2d 230, 235 (1959).

Secondly, we agree that the statute makes no provision for recoupment of payments made, in the event that the decision of the commissioner is overturned on appeal. We hold that no such right of recoupment was implied or intended. *See Hagerty v. Great Am. Ind. Co.,* 106 N.H. 425, 213 A.2d 424 (1965). The absence of provision therefor is to us an indication of the legislative intent that no such right should arise.

It has long been established that workmen's compensation is remedial in character, designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. *Mulhall v. Company,* 80 N.H. 194, 196-99, 115 A. 449, 453 (1921); *see Carbonneau v. Company,* 96 N.H. 240, 244, 73 A.2d 802, 806 (1950). The provisions of the 1971 amendment were designed to further this purpose, and to assure prompt payment of compensation to workmen found to be entitled thereto, after administrative hearing of the parties involved.

Granted that in the event of successful appeals by employers, the statute will place upon them a new or additional burden. The legislature could reasonably find that the withholding of compensation by employers pending appeal had operated to frustrate the purposes of the law. Hence in the exercise of the police power, it could properly require employers, and more broadly the enterprises which they represent, to bear for a limited period the risk of payments made during appeal, rather than the injured employee, who as the plaintiffs point out is usually in no financial position to carry that risk. *Merchants Mut. Ins. Co. v. Newport Hosp.,* 108 R.I. 86, 272 A.2d 329 (1971); *St. Paul Fire & Marine Ins. Co. v. Treadwell,* 263 Md. 430, 283 A.2d 601 (1971).

The argument that the plaintiffs are deprived of the equal protection of the law stems from other provisions contained in Laws 1971, ch. 539, which amended the unemployment

compensation law (RSA ch. 282). These amendments require that benefits first administratively allowed under that law "shall be immediately paid", but if upon appeal held not to be payable shall be recovered by civil action by the commissioner or withheld from future benefits payable. Laws 1971, 539:19; RSA 282:5-B (10) (Supp. 1972). These and other provisions of Laws 1971, ch. 539 were inserted therein to satisfy the requirements of the Social Security Act (42 U.S.C. § 503 (a) (1)) and the decision of the United States Supreme Court in *California Human Resources Dep't v. Java,* 402 U.S. 121, 28 L. Ed. 2d 666, 91 S. Ct. 1347 (1971); *see* N.H.S. Jour. 2002-03 (1971).

The provisions of the amendment relating to unemployment compensation payments could reasonably be found by the legislature to stand differently from those with respect to workmen's compensation. The consideration which led to the enactment of workmen's compensation laws differed materially from those prompting adoption of unemployment compensation laws; and different standards govern eligibility thereunder. *Compare Mulhall v. Company,* 80 N.H. 194, 196, 115 A. 449 (1921), *and Ward & Gow v. Krinsky,* 259 U.S. 503, 512-13, 66 L. Ed. 1033, 1037, 42 S. Ct. 529, 533 (1922), *with California Human Resources Dep't v. Java supra,* 402 U.S. at 131-33, 28 L. Ed. 2d at 673-74, 91 S. Ct. at 1353-54 (1971). A disabled employee whose injury ultimately proves not to be work connected (RSA 281:2 V (Supp. 1972)) may reasonably be thought entitled to greater consideration at the hands of industry than the able-bodied employee whose unemployment results from his own choice or misconduct. RSA 282:3 (Supp. 1972) and 4 (Supp. 1972). Thus although the amendment to RSA 281:37 (Supp. 1972) makes no provision for recoupment by the employer, it is not unconstitutional for that reason. *St. Paul Fire & Marine Ins. Co. v. Treadwell supra; Merchant's Mut. Ins. Co. v. Newport Hosp., supra,* 108 R.I. 86, 98, 272 A.2d at 332, 334, 335 (1971). We therefore hold that the plaintiffs are not entitled to the relief sought by their petition.

By amendment to their agreed statement the parties have stipulated that statements and reports from doctors and

others are received in evidence at hearings conducted by the commissioner "without the witnesses being present at the hearing". The Workmen's Compensation Law in addition to authorizing the commissioner to summon and examine witnesses (RSA 281:41 (Supp. 1972)), also provides that "it shall be incumbent upon all parties to present all available evidence." RSA 281:37 I (Supp. 1972). It is suggested that the practice of receiving hearsay reports and statements may deprive the plaintiffs of their right to cross-examine. Although the statute provides that "process and procedure . . . shall be as summary and simple as reasonably may be" (RSA 281:41 (Supp. 1972)), it does not do away with cross-examination. On the other hand due process does not require it in all instances. *Richardson v. Perales,* 402 U.S. 389, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971). Much must be left to the discretion of the commissioner. In general, it may be said that such cross-examination of available witnesses should be allowed as is reasonably required for a full and true disclosure of the facts. *See* Davis, Administrative Law Text §§ 14.08, 14.10 (3d ed. 1972).

In summary, we find no constitutional infirmity in the provisions of RSA 281:37 II (Supp. 1972) or RSA 281:41 (Supp. 1972). A declaratory judgment may be entered affirming their constitutionality.

*Remanded.*

All concurred.