Carroll
No. 6955

CARROLL L. SHANNON

v.

ROY W. FOSTER & *a.*

December 31, 1975

*James J. Kalled,* by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat (Mr. Wheat* orally) for the defendants.

GRIMES, J. The issues presented on this appeal from a decision of the department of labor are whether RSA 281:21-b (Supp. 1975) providing for loss of compensation for refusal to accept vocational rehabilitation, can be applied to an award bond on total disability made prior to its enactment and whether the plaintiff should be barred from raising this issue due to the lapse of the applicable period of limitation. All questions of law were reserved and transferred by *Loughlin,* J.

On November 11, 1966, the plaintiff injured his lower back while in the course of his employment with Roy W. Foster of Wolfeboro. Compensation at the rate of $50 per week for total disability and expenses were paid under the workmen's compensation laws from November 11, 1966 to November 16, 1970. On August 24, 1970, plaintiff was scheduled for an evaluation examination at the Crotched Mountain Rehabilitation Center. Defendant Travelers Insurance Company agreed to arrange and pay any necessary transportation costs. Plaintiff failed to keep the appointment. The department of labor scheduled a hearing on October 22, 1970. Plaintiff did not appear. A further hearing was scheduled on November 16, 1970. Again, plaintiff failed to appear. At this point, the department of labor wrote to the plaintiff informing him that because of his refusal to keep scheduled appointments and to accept vocational rehabilitation, the defendant Travelers Insurance Company had been given permission to terminate compensation as of that date pursuant to RSA 281:21-b (Supp. 1975).

No compensation was paid to plaintiff from November 16, 1970, to April 23, 1973, at which time plaintiff represented that he would accept vocational rehabilitation. Compensation payments were then reinstituted. On May 31, 1973, the department of labor notified plaintiff of the department's refusal to order defendant Travelers Insurance Company to reinstate compensation from November 16, 1970 to April 23, 1973. Compensation for total disability has been paid by the defendant insurance company from April 23, 1973, to the present time.

It is plaintiff's contention that RSA 281:21-b (Supp. 1975) which authorized suspension of compensation benefits should not be applicable to awards of compensation made before the enactment of that statutory provision. Plaintiff contends that any such application would be purely retroactive in operation. We disagree and hold that under the facts of this case the use of RSA 281:21-b (Supp. 1975) to terminate benefits until such time as plaintiff agreed to accept vocational rehabilitation was a prospective applica-

tion of that statute.

RSA 281:21-b (Supp. 1975) reads in pertinent part: "Refusal to accept vocational rehabilitation pursuant to an order of the labor commissioner may result in loss of compensation for each week of the refusal if the commissioner so directs." It is argued that plaintiff's rights to compensation and defendant's liability accrued at the time plaintiff received his injury, are fixed as of that date, and are limited by the provisions of the law in force at the time of the accident. *Cote v. Company*, 85 N.H. 444, 446, 160 A. 101, 102 (1932); 2 J. Sutherland, Statutory Construction § 41.02, at 248 (4th ed. 1973). Although plaintiff's injury and the initial compensation award occurred on November 11, 1966, prior to the effective date of RSA 281:21-b (Supp. 1975), it was plaintiff's refusal to accept vocational rehabilitation as of November 16, 1970, which triggered the application of the statute to terminate compensation until such time as plaintiff agreed to accept rehabilitation. The statute was not being applied to the original compensation award, but rather to the refusal to accept rehabilitation which occurred after the effective date of the statutory provision. The application of RSA 281:21-b (Supp. 1975) by the department of labor was, therefore, prospective, rather than retrospective, in operation.

We have long held that statutes are presumptively intended to operate upon future situations as they may arise. *Murphy v. Railroad*, 77 N.H. 573, 574, 94 A. 967, 968 (1915); *Opinion of the Justices*, 99 N.H. 509, 511, 112 A.2d 48, 50 (1955). In the instant case the plaintiff cannot claim that he either relied or had reason to rely on any existing law at the time he refused vocational rehabilitation. This is not a case where "settled expectations honestly arrived at with respect to substantial interests" will be defeated. 2 J. Sutherland, *supra* § 41.05, at 261. When plaintiff chose not to accept rehabilitation, and thereby had his compensation terminated pursuant to RSA 281:21-b (Supp. 1975), the statute had been effective for over a year. Plaintiff can neither claim lack of notice nor lack of knowledge. The fact that the initial compensation award was made prior to the effective date of the statute involved in the instant case has no relevance to its applicability to a refusal to accept rehabilitation which occurred after its effective date. *See Hartford Accident & Indem. Co. v. Duvall*, 113 N.H. 28, 300 A.2d 732 (1973).

Plaintiff's reliance on *Cote v. Company supra* and *Opinion of the Justices supra* is misplaced. In those cases, statutory provisions were found to operate retroactively as they served to affect the initial compensation award. In the instant case, RSA 281:21-b (Supp.

1975) is not being applied so as to change a compensation award made prior to its enactment. Rather the statute is being applied to acts occurring after its enactment. The statute would only be retroactive in operation if it had been applied to a refusal to accept vocational rehabilitation which occurred prior to its effective date.

Since we find that the department of labor correctly applied RSA 281:21-b (Supp. 1975), we need not reach the issue as to whether the plaintiff was barred from raising the issue due to the lapse of the applicable period of limitation.

*Exceptions overruled.*

DUNCAN, J., did not sit; the others concurred.