United States District Court
for the District of New Hampshire
No. 7238

ANNA L. TARR, ADMINISTRATRIX
OF THE ESTATE OF JAMES TARR

v.

REPUBLIC CORPORATION & a.

February 27, 1976

*Stanley M. Brown* and *Michael P. Hall (Mr. Brown* orally) for the plaintiff.

*John F. Cullity* and *E. Paul Kelly (Mr. Kelly* orally) for defendant Manchester Insurance Corporation.

The other defendants filed no briefs.

LAMPRON, J.   Upon motion of the plaintiff and on its own motion, the United States District Court *(Bownes,* J.) on an agreed statement of facts certified to this court under our rule 20 (RSA 490 App. R. 20 (Supp. 1975)) the following questions of law:

"A. Whether following a settlement in an action brought by the fiduciary of the estate of the deceased employee pursuant to N.H. RSA 281:14 for wrongful death resulting from injuries received while at work, the compensation carrier has a continuing obligation to pay compensation benefits to the surviving dependents of the deceased employee pursuant to N.H. RSA 281:22.

"B. If the answer to the above question is in the affirmative, does the compensation carrier have a lien on the net proceeds of the death action settlement against which it may set off any future payments until such time as the weekly dependency benefits which would otherwise be payable exceed the amount of the net death action settlement?"

Plaintiff's decedent James Tarr was killed at work in Manchester on November 2, 1971, in an industrial accident in a fiberglass boat-building operation which resulted in a fire and an explosion. His accidental death was chargeable under the Workmen's Compensa-

tion Law (RSA ch. 281) to his employer Hiliner Marine Corporation whose compensation carrier was the defendant Manchester Insurance Corporation. The deceased was survived by his dependent widow, plaintiff Anna, who was 40 years of age, and three dependent minor children then aged 16, 14, and 3.

An authorization for compensation for death was issued by the labor commissioner on November 30, 1971, and is still in effect. Thereunder Manchester Insurance is obligated to pay $92 each week to the dependents, $32 of which goes to the widow and the balance of $60 is given equally to each of the three dependent children. As of May 21, 1975, the amounts "already paid" pursuant thereto totaled $17,836. Defendant has calculated its total "indemnity reserve" required by the authorization at $81,700 over an eighteen-year period.

Plaintiff instituted third-party actions under RSA 281:14 in the State superior court and in the federal district court for the district of New Hampshire. On May 23, 1975, negotiated settlements on covenants of the six actions in the district court were effected for a total recovery from these third-party defendants of $92,187. The action in the superior court is still pending.

As to certified question "A" the plaintiff takes the unequivocal position that there is a continuing obligation on the compensation carrier to pay benefits to the surviving dependents of the deceased employee pursuant to RSA 281:22 (Supp. 1975) subject to the conditions for termination therein stated. Defendant's position is more complex. It admits in its brief that "on a reading of Section 22 alone, the carrier would have to concede that it does have a continuing obligation." However, it maintains that the carrier's obligations under RSA 281:22 (Supp. 1975) should be weighed against the liens provided by RSA 281:14 II on a recovery of damages from third-party tort-feasors.

RSA 281:22 (Supp. 1975) provides that weekly compensation is to be paid to a deceased employees' dependents including his widow and dependent children. In case of remarriage of the widow with dependent children, the unpaid compensation which would otherwise become her due is to be paid to third persons for the use and benefit of the dependent children. RSA 281:22 III (Supp. 1975). Compensation for a dependent child shall cease when the child becomes 21 (unless physically or mentally ill), or earlier if the child is self-supporting, or upon the marriage or legal adoption of such child. RSA 281:22 VI (Supp. 1975). These benefits are designed to provide the widow and her children a limited amount of

support for which they would have looked to the earning power of the deceased employee. They do not compensate them for the total loss resulting from the death of a husband and father. *Archie v. Hampton,* 112 N.H. 13, 16, 287 A.2d 622, 624 (1972).

As in the case of third-party actions by the employee or on his behalf, the rationale of such actions is that the ultimate loss should fall on the wrongdoer and that the employee, or his estate should be given an opportunity to obtain fair compensation for the loss sustained. *Bilodeau v. Oliver Stores,* 116 N.H. 83, 352 A.2d 741 (1976), argued and considered with this case and decided this day. There is no indication in these statutes creating a lien in favor of the compensation carrier on the recovery from the third party of an intent to affect in any way the amount of compensation benefits or damages recoverable by the employee or his estate. The purpose of the lien is to prevent a double recovery by providing reimbursement to the carrier. *Smith v. Am. Employers' Ins. Co.,* 102 N.H. 530, 534, 163 A.2d 564, 567 (1960).

Accordingly, the answer to certified question "A" is "Yes", the compensation carrier has a continuing obligation to pay compensation benefits to the surviving dependents of the deceased employee pursuant to RSA 281:22 (Supp. 1975).

The parties differ as to the answer to certified question "B" regarding the extent of the compensation carrier's lien on the death action settlement. There was no such lien prior to its creation by Laws 1957, 187:6, now RSA 281:14 II. *Gagne v. Greenhouses,* 99 N.H. 292, 109 A.2d 840 (1954); *Dowd v. Moore,* 99 N.H. 313, 109 A.2d 838 (1954). Consequently, the pertinent terms of the statute are determinative of the issue. It provides that, as to the damages recovered from the third party, "the employer, or the employer's insurance carrier, shall have a lien on the amount of damages recovered which remain after deduction of such of the expenses itemized in RSA 556:14 [Distribution of Damages for Wrongful Death] as are not paid by the employer, or the employer's insurance carrier, and after deduction of the distributive share of any person to whom nothing is payable under section 22 of this chapter [Compensation for Death], to the extent of compensation, medical, hospital or other remedial care and funeral expenses already paid, or agreed or awarded to be paid by the employer or the employer's insurance carrier, under this chapter." RSA 281:14 II.

Plaintiff states in her brief that she is willing to have the lien apply to compensation already paid which amounted as of May 21, 1975, to $17,836. She maintains that the lien should not apply to

future compensation because allowing full reimbursement to the carrier is contrary to the basic purpose of the workmen's compensation act and is grossly unfair. This argument is premised on the alleged fact that deceased's estate has suffered a $298,000 loss and that because of a statutory limit of $120,000 imposed on recovery, the estate would recover less than 50% of its loss. Furthermore, she maintains that the recovery allowed in the third-party action would be reduced by an allegation that the employer Hiliner's negligence contributed to cause the death of her husband.

We have held in No. 7188, *Bilodeau v. Oliver Stores,* 116 N.H. 83, 352 A.2d 741 (1976) (decided this day) that the sole issue in the employee's or administrator's action is whether the third-party's negligence was a cause of the injury or death. The employer cannot be joined or sued by the third party as a tort-feasor and his negligence is not an issue in the employee's or administrator's action against the third party. What will prevent the administrator from receiving full damages is the statutory limit on recovery for wrongful death. We find nothing in the language of RSA 281:14 II which indicates an intent on the part of the legislature that the net recovery in such a case is to be treated differently than the recovery under RSA 281:14 I when an employee is injured but not killed. We held in the *Bilodeau* case that the lien is intended to extend to future payments to be made by the carrier under the requirements of RSA 281:23 (Supp. 1975). We hold that to be true in this case as to the compensation to be paid in the future under RSA 281:22 (Supp. 1975). We reach this conclusion for the reasons we expressed in the *Bilodeau* case, regardless of the language in *Hackman v. American Mutual Liability Insurance Company,* 110 N.H. 87, 92, 93, 261 A.2d 433, 437 (1970), relied on by plaintiff in urging a different result.

The damages for wrongful death recovered under RSA 556:12-14 are for the injury to the person and estate of the deceased and are to be distributed to certain specified beneficiaries who may, or may not, be the same persons receiving compensation under RSA 281:22 (Supp. 1975). *Archie v. Hampton,* 112 N.H. 13, 17, 287 A.2d 622, 625 (1972). The lien statute (RSA 281:14 II) recognizes that fact when it provides that the compensation carrier's lien applies to the wrongful death recovery from the third party "after deduction of the distributive share of any person to whom nothing is payable under section 22 of this chapter" which provided compensation for death.

This court in a prior consideration of the nature of these liens for reimbursement made the following statement: "Some cogent indication of purpose should appear, before the Legislature is held to have intended to impose a lien upon damages recovered by one class of persons to reimburse an employer for compensation payments made to another class." *Gagne v. Greenhouses,* 99 N.H. 292, 296, 109 A.2d 840, 843 (1954). Applying this valid principle to determine the extent of the lien for reimbursement created by RSA 281:14 II, it can be paraphrased as follows: Some cogent indication of purpose should appear, before the legislature is held to have intended to impose a lien upon a share of a distributee of damages for wrongful death to reimburse the carrier for compensation paid to others. We find no such indication in the statute. The provision of RSA 281:14 II providing that the carrier's lien shall attach, after deducting from the damages for wrongful death "the distributive share of any person to whom nothing is payable under section 22," expresses a definite contrary intent.

We hold that the amount of the carrier's lien for compensation payments for death asserted against the share of any distributee of the damages recovered for wrongful death cannot exceed the compensation payments made or to be made to such distributee to meet the requirements of RSA 281:22 (Supp. 1975). *See Buzynski v. Knox County,* 159 Me. 52, 188 A.2d 270 (1963); *Enghusen v. H. Christiansen & Sons, Inc.,* 259 Minn. 442, 107 N.W.2d 843 (1961). Consequently, if the widow's share of the wrongful death recovery is $50,000 and due to remarriage or other reasons her compensation payments will amount to $5,000, the carrier's lien on the widow's recovery would be for the latter amount only. If a child's share of the wrongful death recovery is $3,000 and because of termination of the compensation payments for reasons stated in the statute, the carrier will have paid him $2,000 the lien would be for the latter amount. Thus the carrier cannot acquire lien rights in excess of its liability under the workmen's compensation act in regard to each individual involved. Such an interpretation rationally reconciles the provisions of RSA 281:14 II and those of RSA 556:12-14.

Lastly, we consider plaintiff's argument that the carrier's lien for workmen's compensation cannot be asserted against the damages recovered in the wrongful death action other than those for loss of earning capacity, for which workmen's compensation is paid. RSA 281:14 II provides that the carrier "shall have a lien on the amount of damages recovered which remain" after certain specified deduc-

tions. That part of the recovery for wrongful death based on pain and suffering and other elements of damages besides loss of earning capacity is not within these specified deductions. We hold that such damages are not to be deducted from the recovery on which the carrier's lien is to take effect. *See Hendry v. Industrial Comm'n,* 112 Ariz. 108, 538 P.2d 382 (1975); *Pelkey v. Elsea Realty & Inv. Co.,* 394 Mich. 485, 232 N.W.2d 154 (1975); 2 A. Larson, Workmen's Compensation Law § 74.35 (1975).

The answer to certified question "B" is "Yes", the compensation carrier has a lien on the proceeds of the death action to the extent specified in this opinion against which it may set off any future payments. The manner in which this is to be accomplished, whether by suspension of payments of compensation or otherwise, is not provided for in our statute as it is in that of many other States. *See* 2 A. Larson, *supra* §§ 74.30 (1975) *et seq.* The parties have not briefed or argued how the net recovery or settlement should be allocated in order to effectuate the carrier's lien and insure that any excess recovery will be paid to the plaintiff administratrix as expeditiously as practicable for distribution in accordance with RSA 556:14. We are confident, however, that with the cooperation of the parties, the trial court can devise an equitable means of carrying out the provisions of RSA 281:14 as interpreted in this opinion.

*Remanded.*

All concurred.