**Dennis RUSSELL, Claimant-Appellant,**

v.

**INTERSTATE SYSTEMS, et al, Employer-Respondent.**

**No. 50318.**

Missouri Court of Appeals, Eastern District, Division One.

June 10, 1986.

Harry J. Nicohls, St. Louis, for claimant-appellant.

Robert Hart, St. Louis, for employer-respondent.

CARL R. GAERTNER, Presiding Judge.

Dennis Russell, an employee of Interstate Systems, Inc., appeals the denial of physical rehabilitation benefits, sec. 287.-141, RSMo.Cum.Supp.1984, by the Labor and Industrial Relations Commission. We reverse.

On December 9, 1982, Russell suffered an injury by falling off a tractor while in the course and scope of his employment. Subsequently, Russell and employer-insurer agreed that he should undergo physical rehabilitation. The employer-insurer directed him to the Midwest Orthopedic Physical Therapy Clinic for this rehabilitation program. Russell made a claim for rehabilitation benefits pursuant to sec. 287.141, RSMo.Cum.Supp.1984.

This statute establishes the procedures for the utilization of physical rehabilitation of a seriously injured employee under the supervision of the Division of Workers' Compensation, which is expressly authorized to make such rules and regulations as may be necessary to carry out the purposes of the statute. The division is to continuously investigate available rehabilitation facilities and to determine those facilities and institutions which are qualified to render rehabilitation services. Pursuant to 8 C.S.R. 50–4.010(7) the division maintains a roster of all facilities it has certified as qualified. The statute further provides for

the employer or insurer to select the qualified facility to furnish the rehabilitation services. An employee who agrees to undergo rehabilitation therapy is entitled to be paid $40.00 per week while he is actually being rehabilitated, payable from the Second Injury Fund. The regulations promulgated by the division provide that an injured worker shall receive this weekly benefit only if he receives rehabilitation services from a facility certified by the division. 8 C.S.R. 50–4.010(21).

■■■ It is the payment of this $40.00 weekly benefit which is disputed in the instant case. The matter was submitted to the administrative law judge on a stipulation of facts.[1] It was agreed that the employer-insurer offered and appellant accepted rehabilitation services at the Midwest Orthopedic Physical Therapy Clinic (Midwest). At the time appellant began therapy Midwest had not been certified as a qualified rehabilitation facility by the division. This certification was issued on May 25, 1983, prior to the completion of Russell's rehabilitation program. It was stipulated that Midwest was as qualified when Russell began treatment as it was 5 months later when certified. The division simply had not investigated Midwest for certification until after Russell's claim was filed. The administrative law judge ordered payment of the weekly benefit for the period of Russell's rehabilitation after May 25, 1983, but denied such benefits for the weeks preceding that date. In his order, which was adopted by the majority of the Labor and Industrial Relations Commission, he concluded:

> The dispute is whether rehabilitation received at a facility which could qualify and subsequently did qualify for certification requires the payment of the benefit provided in section 287.141, RSMo. Although it may be that a better policy would be to pay benefits in the factual

situation herein, at this level, I cannot say that the interpretation placed on the division regulation or the regulation itself is outside the scope of authority granted by the legislature nor that the interpretation is outside the plain meaning of the statute and regulation. Accordingly, I find that the physical rehabilitation received before the facility herein was certified does not qualify for the payment of the benefit.

The standards governing our review of decisions of the Labor and Industrial Relations Commission are well settled. While we defer to the findings of the Commission upon disputed matters of fact, "where the facts are not disputed, the award that should be entered by the Industrial Commission becomes a question of law and the commission's conclusions are not binding on the appellate court." *Lloyd v. County Electric Company*, 599 S.W.2d 57, 60 (Mo. App.1980).

> It is too obvious for argument that rehabilitation, where possible, is the most satisfactory disposition of industrial injury cases, from the point of view of the insurer, employer and public as well as of the claimant. Apart from the incalculable gain to the worker himself, the cost to insurers and employers of permanent disability claims under a properly adjusted system is reduced; and, so far as the public is concerned, it has been said on good authority that for every dollar spent on rehabilitation by the Federal Government it has received back ten in the form of income taxes on the earnings of the persons rehabilitated.

2 Larson, the Law of Workmen's Compensation, sec. 61.25 (1983). As an incentive to induce an injured worker to undergo arduous rehabilitation and sometimes painful physical therapy in order to reduce the extent of his compensable permanent disability, Missouri has provided the extra

---

**1.** Although Russell's claim for compensation reflects December 9, 1982, as the date of the accident, the stipulation recites three days of physical therapy prior to that date. No explanation for this discrepancy appears in the sparse record before us: the respondent has not seen fit to favor us with a brief or argument of any kind.

benefit of $40.00 per week.[2] We believe the denial of that benefit to an injured worker who fully cooperates in an effort to reduce his disability merely because the employer-insurer happened to send him to a facility which, although fully qualified, had not yet received formal certification, contravenes the purpose of the statute. All requirements of the statute and the rules and regulations which are matters of substance were met. The only non-compliance was simply a matter of form which was remedied as soon as it became known. This is a most appropriate case for the invocation of sec. 287.800, RSMo.1978.

All of the provisions of this chapter shall be liberally construed with a view to the *public welfare and a substantial compliance therewith shall be sufficient* to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a *technical nature* in respect thereto. (emphasis added).

In reaching this conclusion we do not intend to disparage the importance of certification of rehabilitation facilities by the division. Assurance that institutions and individuals who undertake to render such services are qualified, capable and possessed of integrity is essential to the accomplishment of the purpose of the statute and prevention of abuse. However, where the institution was admittedly qualified for certification when the treatment began and was in fact certified before the treatment concluded, the denial of benefits to the cooperative and innocent employee is not warranted. Sec. 287.495.1(4), RSMo.Cum. Supp.1984.

The award denying rehabilitation benefits is reversed and the cause is remanded to the Labor and Industrial Relations Com-

mission for further proceedings not inconsistent with this opinion.

SMITH and SNYDER, JJ., concur.

---

**2.** To achieve this same end, other jurisdictions have used a stick rather than a carrot. *See Turner v. Neeb Kearney and Company,* 139 So.2d 3, (La.App.1962) (temporary total disability benefits denied because of refusal to undergo physical therapy); *Shannon v. Foster,* 115 N.H. 699, 349 A.2d 591 (1975) (suspension of payments until employee agreed to accept vocational rehabilitation).