I must respectfully dissent. When future expenses are paid by the workers' compensation insurer, Ala. Code 1975, § 25-5-11, will still entitle it to be reimbursed for the "benefits expended." An insurer's subrogation right is not limited to a one-time recovery at the time of recovery from a third party. Of course, the problem facing the insurer will be collecting the money from the worker at a later date. Upon receipt from the third party and after payment to the insurer of an amount for "benefits expended," to the insurer, the balance of the proceeds of a third-party recovery will be paid to the worker, who may or may not reserve a sufficient amount to reimburse the insurer for future expenses.
Rather than require the insurer to risk the worker's possible inability to reimburse the insurer for future benefits after they are paid, many courts have allowed the insurer to withhold payment of benefits until the amount of such benefit payments equals the balance of the third-party recovery, at which time the insurer would resume payment of the appropriate benefits. See,e.g., Bilodeau v. Oliver Stores, Inc., 116 N.H. 83, 352 A.2d 741
(1976); Richard v. Arsenault, 349 Mass. 521, 209 N.E.2d 334
(1965); see also 2A A. Larson, Workmen's Compensation Law, § 74-31(e), p. 14-471 (1989 Supp. 1990) ("If the statute does not take pains to deal explicitly with the problem of future benefits, but merely credits the carrier for compensation paid . . . the correct holding is still that the excess of the third-party recovery over past compensation actually paid stands as a credit against future liability of the carrier.").