Compensation Appeals Board
No. 2002-081

APPEAL OF MARY SCOFIELD

(New Hampshire Compensation Appeals Board)

Argued: January 14, 2003
Opinion Issued: April 21, 2003

*Upton & Hatfield, LLP*, of Concord (*David P. Slawsky* on the brief and orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *Sarah S. Murdough* on the brief, and *Mr. Owers* orally), for the respondent.

NADEAU, J. The petitioner, Mary Scofield, appeals from a decision of the compensation appeals board (CAB) granting the respondent, Liberty Mutual Insurance Company (Liberty Mutual), a "holiday" from future payment of her medical bills. Liberty Mutual cross-appeals the CAB's decision to reduce its asserted lien by fifty percent. We affirm.

The record supports the following facts. The petitioner was employed by Robert J. Nesham, D.C., as an office manager. She received chiropractic treatment as an employee benefit. After receiving such treatment, the petitioner experienced pain and consulted a physician. She filed a workers' compensation claim for a neck injury, originally ascribed to computer use

and determined to have been aggravated by chiropractic treatment. She was awarded workers' compensation benefits on January 13, 1999.

The petitioner also filed a separate suit against Nesham in superior court, alleging medical malpractice and wrongful discharge. The suit was eventually settled for $20,000, of which the petitioner received $15,000. After the settlement, Nesham's workers' compensation carrier, Liberty Mutual, moved to intervene in the suit to enforce a lien on the settlement pursuant to RSA 281-A:13. *See* RSA 281-A:13, I(b) (1999). The Superior Court (*O'Neill*, J.) denied the motion as untimely and on the basis of laches.

Following the superior court's denial of its motion to intervene in the civil action, Liberty Mutual attempted to enforce its lien by taking a "holiday" from payment of the petitioner's medical bills until the amount of $15,000 had been incurred. *See Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 89 (1976) (decided under prior law). The petitioner sought a superior court order to prohibit Liberty Mutual from asserting its lien. The Superior Court (*Perkins*, J.) held that jurisdiction lay not with it, but with the department of labor (DOL). A DOL hearing officer then concluded that "Liberty Mutual Insurance Company has a lien, pursuant to RSA 281-A:13, against future benefits which it would have otherwise been obligated to pay to the [petitioner], to the extent of the [petitioner's] net third party recovery of $15,000.00."

The petitioner appealed to the CAB, which reduced the lien or "holiday" Liberty Mutual could assert against future medical bills to $7,500, based upon the settlement's failure to allocate the settlement amount between the petitioner's medical malpractice and wrongful discharge claims. The CAB opined "that it cannot arbitrarily assign percentages to the two counts other than to say that it is reasonable to assume that each claim was equally prosecuted and therefore a 50% allocation to each claim is reasonable and appropriate."

On appeal to this court, the petitioner first challenges Liberty Mutual's entitlement to a lien against the medical malpractice settlement under RSA 281-A:13. RSA 281-A:13 (1999) provides, in part:

I. (a) An injured employee, in addition to the benefits of this chapter, may obtain damages or benefits from or proceed at law or otherwise against another person to recover damages or benefits if:

(1) An injury for which compensation is payable under the provisions of this chapter has been sustained; and

(2) The circumstances of the injury create in another person a legal liability to pay damages in respect thereto . . . ; and

(3) The action has not been barred under RSA 281-A:8.

(b) The employer, or the employer's insurance carrier, shall have a lien on the amount of damages or benefits recovered by the employee . . . .

■ The petitioner argues that Liberty Mutual is not entitled to a lien because Nesham is not a third party or "another person" under RSA 281-A:13. We disagree. RSA 281-A:13 does not define "another person" to categorically exclude the employer. Rather, it provides that the action must not have been barred under RSA 281-A:8, which in turn provides that the employee is deemed, with certain exceptions, "to have waived all rights of action . . . [a]gainst the employer or the employer's insurance carrier," RSA 281-A:8, I (1999). Whether the petitioner's medical malpractice suit should have been barred by RSA 281-A:8 is not before us. We agree with Liberty Mutual, however, that "[w]hen suit is allowed, the lien attaches" automatically under RSA 281-A:13, I(b). Accordingly, Liberty Mutual is entitled to a lien, and therefore a holiday, under RSA 281-A:13. *See Bilodeau*, 116 N.H. at 89.

■ The petitioner next argues that even if Liberty Mutual is entitled to a lien under RSA 281-A:13, it should be equitably estopped from asserting it for having failed to participate in settlement of the civil action, despite having been given many opportunities to do so. Liberty Mutual counters that it had no duty to intervene in the suit to protect its lien, which arises by operation of law. Rather, Liberty Mutual argues, the petitioner had a duty to have the settlement approved by the court pursuant to RSA 281-A:13, III(a). We agree with Liberty Mutual. By failing to have the settlement approved and provisions made by the court for the payment of Liberty Mutual's lien, *see* RSA 281-A:13, III(a), the petitioner risked having Liberty Mutual satisfy its statutory lien through a payment holiday.

We also reject the petitioner's res judicata argument, assuming, without deciding, that it was preserved. Judge O'Neill's decision held only that Liberty Mutual was barred from intervening in the civil action to enforce its lien. Nothing in that decision prevents Liberty Mutual from offsetting its lien against future medical benefits.

■ Finally, Liberty Mutual cross-appeals, arguing that the CAB erred in reducing its lien by fifty percent because the petitioner failed to meet her burden of proving how the settlement should be allocated between her

malpractice and wrongful termination claims. Liberty Mutual asks us to reverse the CAB's reduction of its lien and grant it a holiday in the amount of $15,000. We decline to do so. We reject a *per se* rule that settlement proceeds not apportioned between claims in the settlement agreement should be allocated first to the claim on which the compensation carrier has a lien. *Cf. Dimick v. Lewis*, 127 N.H. 141, 144 (1985) (declining to "apply either an insured-first or an insurer-first priority rule" to a "reduced recovery" personal injury settlement).

Even if the CAB's choice of a fifty percent reduction were arbitrary, the remedy would be to remand to the DOL to determine the full value of each of the claims, and then to apportion the net settlement amount accordingly. *Cf. Lutkus v. Lutkus*, 141 N.H. 552, 557 (1997) (allocation of settlement proceeds subject to claims of insurer as subrogee); *Dimick v. Lewis*, 127 N.H. at 145. However, Liberty Mutual does not request this relief in its brief, and indicated at oral argument that it would not object to a decision not to remand. Accordingly, having rejected Liberty Mutual's attempt to secure a lien on the entire net settlement amount, we allow the CAB's allocation to stand.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.